FILED

**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

MAR 1·9 2018

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

DEPUTY

| | | |
|---|---|---|
| RICKY R. FRANKLIN | ) | Civil Action No: |
| | ) | |
| Plaintiff, | ) | |
| | ) | **A18CV0236 LY** |
| v. | ) | |
| | ) | |
| UPLAND SOFTWARE, INC., | ) | |
| | ) | |
| Defendant | ) | |

**ORIGINAL COMPLAINT**

NOW COMES the Plaintiff, RICKY R. FRANKLIN, by and through himself and for his Complaint against the Defendant, UPLAND SOFTWARE, INC., and Plaintiff states as follows:

**NATURE OF THIS ACTION**

1. Plaintiff brings this action for actual and statutory damages arising out of and relating to the conduct of Defendant, to include all of its affiliates, subsidiaries, and/or related entities, as well as all persons and entities acting on behalf of Defendants, including but not limited to UPLAND SOFTWARE, INC., (hereinafter, USI) and, in negligently, knowingly, and/or willfully contacting Plaintiff on his cellular telephone without his prior express written consent within the meaning of the TCPA. This is an action for actual and statutory damages for

violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.*[1]

2. O.C.G.A. 46-5-27(i) states that any person who has received more than one telephone solicitation within any 12 month period by or on behalf of the same person or entity in violation of subsection (c) or (g) of the code, may bring an action for such violation.

## JURISDICTION & VENUE

3. Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. sections 1331.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. RICKY R. FRANKLIN, (hereinafter, Plaintiff) is a natural person at all relevant times residing in county of Henry, State of Georgia.

6. Defendant UPLAND SOFTWARE, INC., is a foreign company with a corporate headquarters located at 401 Congress Ave, Suite 1850, Austin Texas, 78701.

7. At all relevant times, Defendant has conducted business in Georgia, solicited

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 et seq.

2

business in Georgia, engaged in a persistent course of conduct in Georgia, or has

derived substantial revenue from services rendered in Georgia.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C §227

8.  In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9.  The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers",  defined as equipment which "has the capacity…(a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers.  47 U.S.C. § 227(a)(1).  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

10.  According to findings by the Federal Communications Commission (FCC), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live

[2] 47 U.S.C. § 227 (b)(1)(A)(iii).

solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used[3].

11. The TCPA prohibits the use of automatic telephone dialing systems and the prerecorded messages to call wireless devices. § 227(b) prohibits… the use of automated telephone equipment; (1) Prohibitions…"It shall be unlawful for any person within the United States or any person outside the United States if the recipient is within the United States—[3]…"

12. In order to redress these injuries, Plaintiff brings this suit under the TCPA, which specifically prohibits unsolicited voice and text calls to cell phones. Defendant FBI has sent unwanted text messages in a manner which violates the right of privacy of all consumers.

13. In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and email have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

---

[3]Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

## A BRIEF OVERVIEW OF TEXT MESSAGING

14. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 120-150 characters.

15. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

16. Unlike more conventional advertisements, SMS calls, and particularly wireless or mobile spam, can actually cost their recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

17. Most commercial SMS messages are sent from "short codes" (also known as "short numbers"), which are special cellular telephone exchanges, typically only five or six digit extensions, that can be used to address SMS messages to mobile phones. Short codes are generally easier to remember and are utilized by

5

consumers to subscribe to such services such as television program voting or more

benevolent uses, such as making charitable donations.

18.  A short code is sent to consumers along with the actual text message and

conclusively reveals the originator of the SMS message.

19.  Text messages are "calls" within the context of the TCPA.  See…Satterfield v.

Simon & Schuster, Inc., 569 F.3d (9th Cir. 2009).

## ALLEGATIONS OF FACT

20.  On August 03, 2017, Plaintiff received an automated text message from

Defendant USI,, calling from short code 62701on his cellular phone at 678-235-

XXXX.  The text message stated as follows:

**Notice Benita Your Loan of $5,000 is ready! Tap Here https//goo.gl/pjmbes
Bad credit & multiple submits ok! Reply Stop cancel msg&data rates may
apply**

21.  The Defendant never contacted Plaintiff to obtain his expressed written

consent to receive such telemarketing calls to his wireless number.

22.  Plaintiff has received at least 25 unsolicited text messages from the Defendant.

Plaintiff continues to receive these text messages up until the present day.

23.  In order to redress these injuries, Plaintiff brings this suit under the TCPA,

which specifically prohibits unsolicited voice and text calls to cell phones.

Defendant USI has sent unwanted text messages in a manner which violates the right of privacy of all consumers.

24.  Plaintiff has never provided his cellular phone number to the Defendant or given his prior express consent to be called, whether on his own or on behalf of any third party.

25.  Plaintiff suffered a concrete and real invasion of Plaintiff's legally protected privacy rights through Defendant's violation of the TCPA.  The continuous unwarranted phone calls caused the Plaintiff harassment, as well as additional data rate charges to his cellular telephone plan.

26. Plaintiff suffered harm and damages in the form of emotional distress such as anger, and resentment each time he received a phone call from the Defendant.

27. Due to similar solicitation calls, Plaintiff placed his cellular telephone number on 678-235-XXXX, on the national "Do-Not-Call" registry in June of 2015 to cease such solicitation calls.

28.  Plaintiff has never provided his cellular phone number to the Defendant or given his prior express consent to be called, whether on his own or on behalf of any third party.

## QUESTIONS OF LAW

29.  Questions of law and fact include, but are not limited to, the following:

a. Whether Defendant made non-emergency calls to Plaintiff cellular telephone using an automate telephone dialing system or artificial or prerecorded voice;

b. Whether Defendants conduct was knowing and/or willful;

c. Whether Defendant is liable for damages and the amount of such damages.

## COUNT I-TCPA

30.  The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.  Without prior express written consent, the Defendant USI, contacted the Plaintiff at least twenty-five (25) times by means of automatic text messaging to a cellphone or pager in violation of 47 U.S.C. §227(b)(1)(A)(iii).

32. The phone calls were made to Plaintiff without the number being provided to Defendant, and without the prior express consent of Plaintiff.

## . COUNT II-VIOLATIONS OF O.C.G.A 46-5-27 (i)

33.  The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.  Without prior express written consent, the Defendant USI, contacted the Plaintiff at least twenty-five (25) times by means of automatic text messaging to a cellphone or pager in violation of O.C.G.A 46-5-27 (i).

## PRAYER FOR RELIEF

a)  As a result of Defendant's violations of 47 U.S.C. section 227et seq., Plaintiff is entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. section 227(b)(3);

b) As a result of the Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statue, pursuant to  47 U.S.C. § 227(b)(3);

c) As a result of Defendant violations of O.C.G.A 46-5-27 (i)., Plaintiff is entitled to an award of $2,000.00 in statutory damages for each and every call in violation of the statute, pursuant to O.C.G.A 46-5-27 (i).

d) Assessing against USI, all costs incurred by the Plaintiff; and

e) Awarding such other relief as justice and equity may require.

Respectfully submitted,

Ricky R. Franklin

708 Brambling Way
Stockbridge, GA 30281
rrfrank12@hotmail.com