IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RICKY R. FRANKLIN, | § § § | |
| *Plaintiff/Counter-Defendant,* | § § | |
| v. | § § | Civil No. 18-CV-00236-LY |
| UPLAND SOFTWARE, INC., | § § | JURY TRIAL REQUESTED |
| *Defendant/Counter-Plaintiff.* | § § § | |

## UPLAND SOFTWARE, INC.'S ORIGINAL ANSWER & COUNTERCLAIMS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Upland Software, Inc. ("Upland") submits its Original Answer and Counterclaims, and sets forth as follows:

## ANSWER

### NATURE OF THIS ACTION

1.  Upland admits that Plaintiff Ricky R. Franklin appears to bring an action against Upland pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*; Upland denies all other allegations, including that it is liable in any manner to Plaintiff.

2.  Upland admits that Ga. Code Ann. (O.C.G.A.) § 46-5-27(i) states that: "Any person who has received more than one telephone solicitation within any 12 month period by or on behalf of the same person or entity in violation of subsection (c) or (g) of this Code section may . . . bring an action" pursuant to the statute. Upland denies all other allegations, including that it is liable in any manner to Plaintiff.

## JURISDICTION & VENUE

3. Upland does not contest this Court's jurisdiction.

4. Upland does not contest that venue is proper in this Court.

## PARTIES

5. Upland is without sufficient information to admit or deny the allegations in Paragraph 5; thus, they are denied.

6. Upland admits that its headquarters is at 401 Congress Avenue, Suite 1850, Austin, TX 78701; it denies the remaining allegations, including that it is a "foreign company" for the purposes of a lawsuit filed in this Court.

7. Upland denies the allegations in Paragraph 7.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

8. Upland is without sufficient information to admit or deny the allegations in Paragraph 8; thus, they are denied.

9. Upland admits that the TCPA defines "automatic telephone dialing system" as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). Upland further admits that the TCPA states, in relevant part, that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--
>
> > (A)  to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice--
> >
> > > . . . .
> >
> > > (iii)  to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is

> charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States;

47 U.S.C. § 227(b)(1). Upland denies all other allegations in Paragraph 9, including Plaintiff's characterization of the statute and his legal conclusions.

10. Upland is without sufficient information to admit or deny the allegations in Paragraph 10; thus, they are denied.

11. Upland admits that the TCPA contains the portions quoted above in Paragraph 9 of this Answer; Upland denies all other allegations in Paragraph 11, including Plaintiff's characterization of the statute and his legal conclusions.

12. Upland is without sufficient information to admit or deny the allegations concerning Plaintiff's motivations; Upland denies the other allegations in Paragraph 12.

13. Upland is without sufficient information to admit or deny the allegations in Paragraph 13; thus, they are denied.

## A BRIEF OVERVIEW OF TEXT MESSAGING

14. Upland admits that SMS or Short Message Service allows mobile devices to exchange short text messages; Upland is without sufficient information to admit or deny the other allegations in Paragraph 14; thus, they are denied.

15. Upland admits that some wireless devices may receive text messages via SMS at that device's assigned telephone number; Upland denies the other allegations in Paragraph 15.

16. Upland denies the allegations in Paragraph 16.

17. Upland admits that some mobile network operators allow the use of short codes to address messages in their SMS systems; Upland is without sufficient information to admit or deny the other allegations in Paragraph 17; thus, they are denied.

18. Upland denies the allegations in Paragraph 18.

19. Paragraph 19 contains a conclusion of law that does not require a response from Upland. Upland denies any factual allegations in Paragraph 19, or implications therefrom.

## ALLEGATIONS OF FACT

20. Upland is without sufficient information to admit or deny the allegations in Paragraph 20; thus, they are denied.

21. Upland denies the allegations in Paragraph 21.

22. Upland denies the allegations in Paragraph 22.

23. Upland is without sufficient information to admit or deny the allegations regarding Plaintiff's motivation for bringing this suit; Upland denies all remaining allegations in Paragraph 23.

24. Upland is without sufficient information to admit or deny the allegations in Paragraph 24; thus, they are denied.

25. Upland is without sufficient information to admit or deny the allegations in Paragraph 25; thus, they are denied.

26. Upland is without sufficient information to admit or deny the allegations in Paragraph 26; thus, they are denied.

27. Upland is without sufficient information to admit or deny the allegations in Paragraph 27; thus, they are denied.

28. Upland is without sufficient information to admit or deny the allegations in Paragraph 28; thus, they are denied.

## QUESTIONS OF LAW

29. Upland denies the allegations in Paragraph 29, including that it is liable in any way to Plaintiff pursuant to the TCPA and that Plaintiff's proposed questions are or will be the relevant legal issues in this matter.

## COUNT I - TCPA

30. Upland incorporates by reference its responses to the previous paragraphs in the Complaint.

31. Upland denies the allegations in Paragraph 31.

32. Upland denies the allegations in Paragraph 32.

## COUNT II - VIOLATIONS OF O.C.G.A. § 46-5-27(i)

33. Upland incorporates by reference its responses to the previous paragraphs in the Complaint.

34. Upland denies the allegations in Paragraph 34.

## REQUEST FOR RELIEF

Upland denies that Plaintiff is entitled to any relief.

## ADDITIONAL DEFENSES

### FIRST DEFENSE

Plaintiff's claims fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred due to fraud.

### THIRD DEFENSE

Plaintiff's claims are barred due to unclean hands.

## FOURTH DEFENSE

Upland cannot be liable to Plaintiff because Upland did not "make" or "initiate" any calls under the TCPA or the Georgia Code to Plaintiff.

## FIFTH DEFENSE

Upland is not liable because a regular user and/or subscriber of the telephone number at issue in this action, whether Plaintiff himself, one of Plaintiff's agents, or a prior subscriber of the number, consented to receive text messages at the number at issue and neither Plaintiff nor anyone on his behalf ever revoked the prior express consent to call the regular user and/or subscriber of the telephone number at issue in this action.

## SIXTH DEFENSE

Neither Plaintiff nor anyone on his behalf mitigated his alleged damages.

## SEVENTH DEFENSE

Plaintiff is barred and estopped from asserting his claims against Upland, in whole or in part, because of Plaintiff's own actions, the actions of Plaintiff's agents, or both.

## EIGHTH DEFENSE

Another party or parties, not Upland, are liable for Plaintiff's alleged damages.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of *in pari delicto*, or the doctrine of "equal fault."

## TENTH DEFENSE

The relevant portions of the TCPA, the Georgia Code, or both, violate the First Amendment, as well as the Due Process and Equal Protection Clauses of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

**CONCLUSION AND REQUEST FOR RELIEF**

Upland requests that the Court enter a judgment that Plaintiff take nothing from his claims, and for all other relief, at law and equity, to which Upland may show itself entitled.

**COUNTERCLAIMS**

Defendant Upland Software, Inc. ("Upland") hereby asserts the following Counterclaims against Plaintiff Ricky Franklin. These counterclaims are made in the alternative to Upland's Answer because Upland maintains that it is not liable under the TCPA or Georgia Code because Upland did not make or initiate calls as defined by the relevant law interpreting those statutes. Upland sets forth as follows:

**PARTIES**

1.  Upland is a corporation organized under the laws of Delaware with its principal place of business in Austin, Texas.

2.  Ricky R. Franklin is an individual resident of Georgia at 708 Brambling Way, Stockbridge, GA 30281. Mr. Franklin has appeared in this matter.

**FACTS**

3.  Mr. Franklin is a frequent flyer in the court system, regularly bringing *pro se* lawsuits asserting TCPA claims throughout the United States. *See, e.g.*, Ex. A, *Franklin v. Express Text LLC*, No. 16-C-9660, 2017 U.S. Dist. LEXIS 124554 (N.D. Ill. Aug. 2, 2017), *vacated by* 2018 U.S. App. LEXIS 6102 (7th Cir. Mar. 12, 2018); Ex. B, *Franklin v. DePaul Univ.*, No. 16-C-8612, 2017 U.S. Dist. LEXIS 118552 (N.D. Ill. July 28, 2017); Ex. C, *Franklin v. Liberty Univ., Inc.*, No. 6:16-cv-00065, 2017 U.S. Dist. LEXIS 126695 (W.D. Va. Apr. 26, 2017); Ex. D, Original Complaint, *Franklin v. Clear Spring Loan Servs., d/b/a Sortis Fin.*, No. 3:18-cv-00228-L-BH, ECF No. 3 (N.D. Tex. Jan. 29, 2018); Ex. E, Original Complaint, *Franklin v. True Dental*

*Discounts.com, LLC*, No. 17-CV-01600-ORL-40-GJK, ECF No. 1 (M.D. Fla. Sept. 5, 2017); Ex. F, Original Complaint, *Franklin v. Atlanta Med. Ctr., Inc.*, No. 3:16-cv-02505-N-BN, ECF No. 3 (N.D. Tex. Aug. 30, 2016); Ex. G, Original Complaint, *Franklin v. Facebook, Inc.*, No. 1:15-CV-00655-LMM, ECF No. 3 (N.D. Ga. 2015).[1]

4.  In many of those cases, Mr. Franklin has falsely represented that the messages he received were unsolicited. For example, in *Express Text*, Mr. Franklin himself "inexplicably . . . [sent] text messages to the number from which he had received the allegedly unwelcome text messages, seemingly for the purpose of receiving a number of automated responses from that number, each of which he alleges violate the TCPA and entitle him to increased damages." *Express Text LLC*, 2017 U.S. Dist. LEXIS 124554, at *1.

5.  In this case, Mr. Franklin received the number at issue—678-235-XXXX—from Benita Ross and, as of no later than at least November 2017, knew that Ms. Ross had consented to receive messages at that number from at least one third party. In fact, Benita Ross (or Mr. Franklin on behalf of Benita Ross) *did* opt in to receive the text messages at issue in this suit at 678-235-XXXX. Indeed, Mr. Franklin previously represented that Ms. Ross was his wife. He therefore knew, prior to sending a demand letter to Upland in February 2018 and filing this suit in March 2018, that Benita Ross had opted in to receive phone calls and text messages at 678-235-XXXX. To wit, the text message that Mr. Franklin includes in Paragraph 20 of his Complaint is clearly addressed to Benita: "Notice *Benita* Your Loan of $5,000 is ready!" Despite knowing that Benita

---

[1] Although Mr. Franklin refers to Upland as "Defendant FBI" in paragraph 12 of his Complaint, that appears to be an error carried over from paragraph 12 of his Facebook complaint; in that case, Mr. Franklin referred to the defendant as "FBI." *Compare* Dkt. No. 1 at ¶ 12, *with* Ex. G at ¶ 12.

Ross (or he himself) opted in to receive text messages at that number, no one—including Mr. Franklin or Ms. Ross—has opted out.

6. This was a setup. Mr. Franklin, a frequent TCPA litigant with intimate knowledge of the statute's inner workings, knew that he or Ms. Ross opted in to receive to messages and that vendors would rely on that opt-in to send messages to that number. Instead of correcting that opt-in, Mr. Franklin intentionally failed to stem the text messages he was receiving in order to file suit and claim that the text messages are somehow unsolicited in his broader campaign to collect money under the TCPA.

7. Upland relied on information that the user or users of phone number 678-235-XXXX had consented to receive text messages and took actions pursuant to its contractual obligations with third parties (who were the ones who actually sent the text messages) based on that consent, including incurring costs for employee time and resources. In addition, Upland has now been required to engage attorneys and incur costs associated with defending against a spurious and setup lawsuit—all based on its reliance on Plaintiff's or his asserted wife's consent to receive text messages from the third party provider(s) that Upland services.

## COUNTERCLAIM – COMMON-LAW FRAUD

8. Upland incorporates the previous paragraphs herein.

9. Under Texas law, Mr. Franklin has committed common-law fraud against Upland because he made a material, false representation to Upland that he knew was false and that he intended Upland to rely upon. Upland relied on that representation to its detriment and was injured as a result.

10. Specifically, Mr. Franklin knew or had reason to know prior to his February 15, 2018 demand letter and the filing of this suit that he and/or Ms. Ross affirmatively gave Upland

and/or third parties consent to receive text messages from Upland's third-party providers at phone number 678-235-XXXX.

11. Mr. Franklin intended Upland to rely on those representations so that Upland would be required to fulfill its contractual obligations with third parties who would then send Mr. Franklin text messages that all believed had been requested by Mr. Franklin. Upland expended both employee time and resources to fulfill its contractual obligations based on Mr. Franklin's representations.

12. Despite knowing about his or Ms. Ross's opt-in, Mr. Franklin continues his misrepresentations by claiming that those messages were "unsolicited" in his demand letter and lawsuit. Mr. Franklin then sued based on these misrepresentations, causing Upland to incur attorneys' fees and costs against this spurious suit.

### ALTERNATIVE COUNTERCLAIM – FRAUD BY NONDISCLOSURE

13. Upland incorporates the previous paragraphs herein.

14. Under Texas law, Mr. Franklin is liable for fraud by nondisclosure. Mr. Franklin knew or had reason to know prior to his February 15, 2018 demand letter and the filing of this suit that he and/or Ms. Ross affirmatively gave Upland and/or third parties consent to receive text messages from Upland's third-party providers. Mr. Franklin took no actions to correct that opt-in.

15. To the extent Mr. Franklin did not wish to receive text messages from third parties at phone number 678-235-XXXX, he intentionally concealed from or failed to disclose that fact to Upland. Because Mr. Franklin was the person with the most knowledge related to whether he wished to receive text messages at phone number 678-235-XXXX and because he was well aware of potential liability under the TCPA (based on his many previous lawsuits), Mr. Franklin had a duty to disclose to Upland that he did not wish to receive the text messages.

16. Mr. Franklin's failure to disclose his desire to not receive text messages was material because he knew that Upland had received an opt-in notice from Mr. Franklin or Ms. Ross for phone number 678-235-XXXX.  Mr. Franklin also knew that Upland would be ignorant of the fact that Mr. Franklin did not wish to receive the text messages and that Upland would not have had an opportunity to discover that fact without Mr. Franklin telling Upland.  Mr. Franklin, however, was intentionally silent when he had a duty to speak.

17. By failing to disclose that he did not wish to receive text messages, Mr. Franklin intended Upland to fulfill its contractual obligations with third parties who would then send Mr. Franklin text messages that all believed had been requested by Mr. Franklin.  Upland expended both employee time and resources to fulfill its contractual obligations based on Mr. Franklin's failure to disclose.

18. Despite knowing about his or Ms. Ross's opt-in and failing to disclose to Upland that Mr. Franklin did not want to receive the text messages, Mr. Franklin claimed that those messages were "unsolicited" in his demand letter and lawsuit.  Mr. Franklin then sued based on his failure to disclose, causing Upland to incur attorneys' fees and costs against this spurious suit.

## CONCLUSION AND REQUEST FOR RELIEF

Upland requests that the Court enter a judgment that Mr. Franklin is liable for common-law fraud and fraud by nondisclosure and award Upland actual damages, exemplary damages, interest, costs, and for all other relief, at law and equity, to which Upland may show itself entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Upland demands trial by jury of all issues so triable.

Dated April 18, 2018                                Respectfully submitted,

**CLEVELAND | TERRAZAS PLLC**
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698

By:    /s/ Matthew Murrell
     Matthew Murrell
      State Bar No. 24083545
      mmurrell@clevelandterrazas.com
     Carlos Soltero
      State Bar No. 00791702
      csoltero@clevelandterrazas.com

**ATTORNEYS FOR DEFENDANT UPLAND SOFTWARE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on Plaintiff, who is proceeding *pro se*, by way of:

☒    E-Service

on this 18th day of April, 2018.

     /s/ Matthew Murrell
     Matthew Murrell