RECEIVED
JUN 27 2018
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

FILED
JUN 27 2018
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RICKY R. FRANKLIN | ) | Civil Action No: 1:18-CV-236-LY |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UPLAND SOFTWARE, INC., | ) | |
| | ) | |
| Defendant | ) | |

## REPLY IN SUPPORT OF PLAINTIFFS MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS

Plaintiff, Ricky R. Franklin, Pro se, and pursuant to Fed. R. Civ. 12(b) (6) for failure to state a claim upon which relief may be granted. In support of his motion, Plaintiff states as follows

### INTRODUCTION

The question proposed for this Court in order for the Defendants to seek some kind of relief for fraud...Is what did Plaintiff do to get the Defendants to contact him on his personal cellphone? The answer is nothing! For its part, Defendants seek to introduce hearsay from another case that has nothing to do with this case. The Defendants counterclaim should be dismissed in its entirety because

Defendants cannot show that Plaintiff has done anything wrong. Hearsay is not admissible in Court and Defendants statements are completely based on made up statements. Defendants and their attorneys have abused the judicial process by filing groundless and false pleadings in bad faith without reasonable inquiry.

The TCPA places no affirmative obligation on a called party to opt out of calls to which he or she never consented; the TCPA places responsibility on the **caller alone** (emphasis added) to ensure that he or she has valid consent for each call made using an autodialer, artificial voice, or prerecorded voice Citing....*FCC 15-72 CG Docket No. 02-278, WC Docket No. 07-135 Declaratory Ruling and Order, July 10, 2015) Para 81, 95.*

### .LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), a purported cause of action m ay be dismissed when the complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), the complaint must meet two criteria:

1. It must assert a plausible claim; and
2. It must set forth sufficient factual allegations to support the claim.

Iqbal, 129 S. Ct. at 1949-50 (citing *Twombly, 550 U.S. 554); see also Frith v. Guardian Life Ins. Co. of Am., 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998)* (explaining that dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory). Pleadings are no longer satisfied by "an un adorned the-defendant-unlawfully-harmed me accusation." Iqbal 129 S. Ct. at 1949 (citing Twombly 550 U.S. at 555). Now, neither a "formulaic recitation of the elements a cause of action" nor "naked assertions [of fact] devoid of further factual enhancement" is sufficient to withstand dismissal. Id.

To satisfy the new standard under Twombly and Iqbal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (citing Twombly, 550 U.S. at 57 0). A claim has facial plausibility when the plaintiff pleads enough factual content that allows the court to draw the reasonable inference that the defendant is liable under the alleged claim. Id. (citing Twombly, 550 U.S. at 556). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id . at 1950. Therefore, if allegations are merely "conclusory," they are "not entitled to be assumed true." Id. Even if a court decides that the factual allegations are entitled to

3

an assumption of truth, however, the facts must also "plausibly suggest an entitlement to relief." Id. at 1951.

## ARGUMENT

The Defendant's counterclaim should be dismissed pursuant to Rule 12(b)(6) for Defendant failure to state a claim upon which relief may be granted. Specifically, Defendant is not entitled to relief under common law fraud or fraud by nondisclosure because, Plaintiff has not committed any fraud and the allegations are made in "bad faith", and without a reasonable inquiry into its "fabricated" claims.

The standard for reviewing whether a pleading is groundless is objective: Did the party and attorneys make a reasonable inquiry into the legal and factual basis of the claim? See... Tex.R.Civ.P. 13; *GTE Comm. Sys. Corp.* v. *Tanner,* 856 S.W.2d 725, 730 (Tex. 1993) The reasonableness of the inquiry is judged by the facts available and the circumstances present at the time the party filed the pleading. *Tarrant Cty. v. Chancey, 942 S.W.2d 151, 155 (Tex. App.- Fort Worth) 1997,*; see *Griffin Indus. v. Grimes, LEXIS 3439 (Tex. App.-San Antonio 2003, no pet.) (No. 04-02-0043Q..CV; 4-23-03).*

## A. Plaintiff Is Not Obligated To Opt Out Of Calls

The TCPA does not have an affirmative bad faith defense that vitiates liability upon showing that the called party purposefully and unreasonably waited to notify the calling party of the reassignment in order to accrue statutory penalties. *FCC 15-72 CG Docket No. 02-278, WC Docket No. 07-135 Declaratory Ruling and Order, July 10, 2015) Para 81* Neither the TCPA nor the commission related rules place any affirmative obligation on the user of a wireless number to inform all potential callers when that number is relinquished or reassigned; uninvolved new users of reassigned numbers are not obligated under the TCPA or the commission rules to answer every call, nor are they required to contact each caller to opt out in order to stop further calls. *Id at 95*

## B. Hearsay Introduced From Another Case.

The Defendants try to introduce a misleading affidavit that cites fabricated claims that are not true and has nothing to do with this matter. They introduce hearsay from another attorney in another case, and try to pass it off as facts that relate to this case. Dkt 17-3 ¶ 2 This act by the Defendants and its attorneys allegations are made in "bad faith", and without a reasonable inquiry into its "fabricated" claims.

5

Article VIII of the Federal Rules of Evidence contains codification of the hearsay rule and its exceptions. Hearsay is defined therein as any out-of-court statement offered to "prove the truth of the matter asserted. Fed. R. Evid. 801(c). Unless an exception to the hearsay rule applies, hearsay statements are not admissible into evidence. Fed R. Evid. 802.

The Defendants is trying to link a person to the Plaintiff that he doesn't know and has never met. As stated earlier, neither the TCPA nor the FCC rules place any affirmative obligation on the user of a wireless number to inform all potential callers when that number is relinquished or reassigned. New users of reassigned numbers are not obligated under the TCPA or the commission rules to answer every call, nor are they required to contact each caller to opt out in order to stop further calls. The Defendant USI legal conclusions and hearsay is not admissible in Court. *Id at 95*

The Defendants common law fraud and fraud by nondisclosure on the grounds that it has no basis in law or in fact and therefore Plaintiffs motion to dismiss should be granted.

## C. Retaliation For Bringing This Lawsuit.

The Defendants frivolously files its counter-claim as a retaliation for Plaintiff bringing his legal claim for violations of the 47 U.S.C. § 227 et seq and O.G.C.G.A

6

46-5-27(i). Allegations contained within legal pleadings are protected by an absolute privilege under the law of defamation; the Supreme Court has long recognized that the Constitution does not protect the assertion of frivolous legal claims, and that such action can constitute actionable retaliation. *Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731 (1983)* (holding that the NLRB may enjoin a baseless lawsuit that is brought for retaliatory reasons).

The Plaintiff has owned his phone since, November 2014. Plaintiff has never signed up to receive anything with the Defendants and Plaintiff did not consent to messages in 2015. Defendants' argument that "Plaintiff had a duty to let them know that it was violating the TCPA, is meritless".

For the reasons stated, Plaintiff has not committed any type of fraud and Defendants counterclaim should be dismissed pursuant to Fed. R. Civ. 12(b) (6) for failure to state a claim upon which relief may be granted.

### D. Defendants Counter Claims Are Frivolous

An attorney takes a frivolous position if he fails to make a reasonable inquiry into acts (which later prove false) or takes a position unwarranted by existing law or a good faith argument for its modification. (quoting *Magnus Elecs., Inc. v. Masco Corp., 871 F.2d 626, 629 (7th Cir. 1989)*). An attorney must conduct an objectively reasonable inquiry into the facts and law to make sure the complaint is

7

well-founded. See..*U.S. Bank Nat. Ass'n, N.D. v. Sullivan-Moore, 406 F.3d 465, 470 (7th Cir. 2005)* In order for fraud to be committed by the Plaintiff, the Plaintiff would have had to have some prior relationship with the other party. Plaintiff never heard of Defendants until he started receiving illegal text messages on his cellphone in 2017. The Defendants use an old strategy that purports to "blame victim" for its illegal conduct. The Defendants cannot show or prove that it got consent from the Plaintiff, and further, Plaintiff did not induce them into sending telemarketing messages.

For the reasons stated, Plaintiff has not committed any type fraud and Defendants counterclaim should be dismissed pursuant to Fed. R. Civ. 12(b) (6) for failure to state a claim upon which relief may be granted.

## CONCLUSION

It's obvious that the Defendants claim is frivolous as they try to introduce hearsay and pass it off as facts that relate to this case. For the reasons stated above, Plaintiff has not committed any type fraud and Defendants counterclaim should be dismissed pursuant to Fed. R. Civ. 12(b) (6) for failure to state a claim upon which relief may be granted.

Respectfully submitted, June 25th, 2018

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281
(678-650-3733)
rrfrank12@hotmail.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was sent via mail on June 25th, 2018 to Defendant's Counsel listed below:

CLEVELAND TERRAZAS PLLC

Matthew Murrell

Carlos Soltero

4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
T: (512) 689-8698

**ATTORNEYS FOR DEFENDANT UPLAND SOFTWARE, INC.**

Ricky R. Franklin

708 Brambling Way
Stockbridge, GA 30281
(678-650-3733)
rrfrank12@hotmail.com




PRIORITY MAIL 2-DAY®

501 W 5TH ST STE 1100
AUSTIN TX 78701-3812

ECTED DELIVERY 06/27/2018

U.S. POSTAGE
$6.70
PM 2-DAY
30281 0004
Date of sale
06/25/18
06 2S00
08259721
SSK
A9978062520043

0004

USPS TRACKING NUMBER

9505 5000 1564 8176 0003 10



PRESS FIRMLY TO SEAL

PRIORITY MAIL
POSTAGE REQUIRED

PRIORITY MAIL



VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE
UNITED STATES POSTAL SERVICE®

FROM:

Ricky Franklin
708 Brambling Way
Stockbridge, GA
30281

TO: U.S. District Clerks Office
501 West 5th St
Suite 1100
Austin, Texas
78701



Label 228, March 2016

FOR DOMESTIC AND INTERNATIONAL USE

kaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.

PRIORITY MAIL 2-DAY®



EXPECTED DELIVERY 06/27/2018

U.S. POSTAGE
PM 2-DAY
$6.70
30281 0004
Date of sale
06/25/18
06 2S00
08259721
SSK
A99780625200433

0004

501 W 5TH ST STE 1100
AUSTIN TX 78701-3812

USPS TRACKING NUMBER



9505 5000 1564 8176 0003 10

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL
POSTAGE REQUIRED

PRIORITY MAIL



UNITED STATES POSTAL SERVICE
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:

Ricky Franklin
708 Brambling Way
Stockbridge, GA
30281

TO: U.S. District Clerks Office
501 West Fifth St
Suite 1100
Austin, Texas
78701

Label 228, March 2016      FOR DOMESTIC AND INTERNATIONAL USE

packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.