THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
JUN 27 2018
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | | |
|---|---|---|
| RICKY R. FRANKLIN | ) | Civil Action No: 1:18-CV-236-LY |
| Plaintiff, | ) | |
| v. | ) | |
| UPLAND SOFTWARE, INC., | ) | |
| Defendant | ) | |

## PLAINTIFF'S REPLY BRIEF TO DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

The Defendants can offer no facts to dispute the Plaintiffs Summary Judgment Motion. Instead, the Defendant Upland Software Inc., (hereinafter USI) opposition to Plaintiffs motion is littered with "red herrings" that introduce hearsay and offer no material facts to dispute Plaintiffs motion. This fallacy consists in diverting attention from the real issue by focusing instead on an issue that has nothing to do with this case. For example, the Defendants have introduced arguments not related

to this matter, and tried to make these diversions the center of the case. It is akin to "blaming the victim" for its own illegal conduct. Congress, not Plaintiff created the TCPA and the Defendant USI and businesses have a duty to follow the law. The antics by the Defendants in this matter is simply baseless and has no merit!

## II. BACKGROUND ON THE TCPA

The TCPA was passed in 1991 and introduced by Senator Hollings. Senator Hollings described the TCPA in his own words:

"This bill is purely targeted at those calls that are the source of the tremendous amount of consumer complaints at the FCC and at the State commissions around the country –the telemarketing calls placed to consumers" (Congressional Record, 1991). Senator Hollings described such calls as the "scourge of modern society. "They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall."

The TCPA is designed "protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." (47 U.S.C. § 227(c)(1)). Congress specifically sought to address telemarketing calls that annoyed consumers or made them feel "frightened, threatened and harassed."(Federal Communications Commission, 2003 TCPA Order, p. 14017).

Defendant USI has violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq and O.G.C.G.A 46-5-27(i) texting the Plaintiff on his

cellphone. Further, Defendant USI texted the Plaintiff using a automated system at least twenty-five (25) times in violation of both statutes. (Dkt #16, Exhibit E)

The three elements of a Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, claim are (1) the defendant called a cellular telephone number, (2) using an automatic telephone dialing system, (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1). The Defendants in this case cannot point to any relevant facts of the record, which would dispute Plaintiffs Statement Of Undisputed Material Facts or any element that dispute TCPA violations.

As explained below, summary judgment should be granted in favor of Plaintiff

### III. ARGUMENT

#### A. Legal Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 "mandates the entry of summary judgment, upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Curtis v. Anthony, 710 F.3d 587, 594 (5th Cir.2013) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)* "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the

3

nonmoving party.'" *Rogers v. Bromac Title Servs., L.L.C., 755 F.3d 347, 350 (5th Cir. 2014) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).*

Although the evidence is viewed in the light most favorable to the nonmoving party, a non-movant may not rely on "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence" to create a genuine issue of material fact sufficient to survive summary judgment. *Freeman v. Tex. Dep't of Criminal Justice, 369 F.3d 854, 860 (5th Cir. 2004).* Mere allegations of a factual dispute between the parties will not defeat an otherwise proper motion for summary judgment *Anderson, 477 U.S. at 256.*

The non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).* Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and…may not merely recite the incantation,

**B. Defendant USI Is The Maker Of The Call**

Congress directed the Federal Communications Commission ("FCC") to "prescribe regulations to implement the requirements of" the TCPA including by rule or order. 47 U.S.C. §227(b)(2). The FCC has ruled that a company can be

4

held vicariously liable for text messages placed by a "third party" and are equally liable just as if the "third party" placed the call themselves.

The FCC has also ruled on when a entity makes or dials a number. We find it reasonable to interpret "dial" to include the act of addressing and sending an Internet-to-phone text message to a consumer's wireless number. *FCC 15-72 CG Docket No. 02-278, WC Docket No. 07-135 Declaratory Ruling and Order, July 10, 2015) Para 112*. Further, there is no dispute that Internet-to-phone text messaging technology is used to initiate calls that ultimately are carried over wireless carrier's networks to wireless consumer's phones. *Id. 113*.

The FCC has also ruled by entering a message on a web portal to be sent to a consumer's wireless telephone number) and sending a text message to the consumer's wireless telephone number, the equipment dials a telephone number and the user of such technology thereby makes a telephone call to a number assigned to a wireless service as contemplated in section 227(b)(1) *Id at 114*

Upland sends thousands and millions of text messages at one time. (Dkt 14, Exhibit D) This is the type of nuisance and intrusion on privacy of consumers that congress intended to protect. This harm is identical to why the TCPA was created, whereas unwanted text messages pose the same cost and annoyance to consumers, regardless of where they originate. *Id at 115*. Because software used by the

5

Defendants is created on the internet in a "cloud based" system, the Defendants are directly liable to the TCPA and therefore Plaintiffs summary judgment must be granted as a matter of law.

**B. Legal Conclusions And Hearsay By Defendant USI**

Article VIII of the Federal Rules of Evidence contains codification of the hearsay rule and its exceptions. Hearsay is defined therein as any out-of-court statement offered to "prove the truth of the matter asserted. Fed. R. Evid. 801(c). Unless an exception to the hearsay rule applies, hearsay statements are not admissible into evidence. Fed R. Evid. 802.

The Defendants first "red herring" is trying to link a person to the Plaintiff that he doesn't know and has never met. The Defendant USI legal conclusions and hearsay do nothing to dispute any of the Plaintiffs facts. For example, if Plaintiff knew the person, or was married, the Defendants would still be liable under both situations. The facts have not changed, as Plaintiff never consented to, requested, or otherwise desired or permitted calls from Defendant USI, for a loan or any other purpose.

**C. Written Consent**

The next argument by the Defendants is equally unpersuasive. For their part, the Defendants introduce a piece of paper (dkt 17-2, Exhibit A-1) listing Plaintiffs

6

telephone number on it that shows nothing. This document is unexplainable and doesn't prove anything, and definitely doesn't equal consent. The FCC requires that small businesses get prior express written consent from consumers to send telemarketing messages. If a dispute concerning consent arises, the business bears the burden of proof to demonstrate that a clear and conspicuous disclosure was provided and that the consumer unambiguously consented to receive calls to the number he/she specifically provided Quoting...*FCC Order 12-21 at 1844, para 35-49 (2012) Specifically, 47 CFR 64.1200*

The consent that the Defendants tries to introduce did not come from the Plaintiff. In fact, Plaintiff did not own the phone number in May of 2014. (Dkt 14, Exhibit F) Assuming Arguendo, if consent did come from someone else, Defendant still would be liable because consent did not come from Plaintiff as he is the regular user and owner of the phone since November 2014. As stated previously, Plaintiff never consented to, requested, or otherwise desired or permitted calls from Defendant USI, for a loan or any other purpose.

The Defendants will have this Court believe that someone signed up to receive text messages in 2014, whereas Plaintiff did not start receiving text messages from the Defendant until almost 4 years later. This also has no basis in law or fact as Defendants cannot show it got consent as required by the law. USI presents no

7

issues of material facts in this case and the Court must grant the Plaintiffs summary judgment motion as a matter of law.

**D. The Defendants Equipment Constitute and Auto-Dialer**

Next the Defendants try to use a recent D.C. Circuit ruling that does not affect this case. The Defendants own explanation of its software is the exact definition of an auto-dialer. Citing Moore's Declaration, 17-1 ¶ 2 "Upland hosts cloud-based software platforms" The FCC has ruled that **Internet-to-phone text messaging** is an automatic dialing system regardless of how it is used. Further stated, it doesn't matter whether or not it produces a random or sequential number generator, the systems that use cloud based dialing, can dial thousands and even millions of numbers at one time. Equipment used to send these messages must store, or at least have the capacity to store, large volume numbers to be called. Citing…*Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Declaratory Ruling and Order, para 111, FCC Rcd (2015)*

The fact that Defendant is claiming it is not responsible for the sending of text messages, the FCC has been clear that individual pieces of equipment and software separately owned does not change this analysis of auto-dialing equipment. Parties cannot circumvent the TCPA by dividing ownership of dialing equipment. *Id 23*. We also find that callers cannot avoid obtaining consent by dividing

8

ownership of pieces of dialing equipment that work in concert among multiple entities. *Id at 10*

### E. Defendant USI Owns The Short Code

Short messages systems (SMS) is covered by the TCPA. The Defendants own the short code #62701 (dkt 14, Exhibit C) and therefore are responsible for the text messages. The Commission used "Internet-to-phone SMS" to refer to all messages that are converted to SMS messages from messages sent or directed to an address with an Internet domain reference, including both those sent as "e-mail" and those entered at a provider's website interface. see...*Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket Nos. 04-53, 02-278, Order, 19 FCC Rcd 15927, 15933, para. 14 n.48 (2004) (CAN-SPAM Order)*.

The Defendants system qualifies as an automated system and is therefore subject to violations of the TCPA and therefore Plaintiffs motion for Summary Judgment should be granted.

### IV. CONCLUSION

Under the Hobbs Act, 28 U.S.C. § 2342, the Court is bound to follow FCC rulings. The FCC has ruled that (1) At any time a system has the capacity to act as an auto-dialer, it is covered by the TCPA; (2) Internet-to-telephone dialing is a

9

TCPA violation. Additionally, the Defendants cannot show valid written consent was obtained from Plaintiff and therefore Plaintiff is entitled to summary judgment as a matter of law. The Defendant has violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq and O.GC.G.A 46-5-27(i) texting the Plaintiff on his cellphone.

For the reasons stated above, Plaintiffs Motion for Summary Judgment (dkt 13, 14) should be granted and awarded $500.00 for each of the 25 calls/text for the TCPA, and $2,000.00 per text for violations of O.GC.G.A 46-5-27(i).

Respectfully submitted, June 25th 2018

Ricky R. Franklin

708 Brambling Way
Stockbridge, GA 30281
(678-650-3733)
rrfrank12@hotmail.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was sent via mail on June 25th 2018 to Defendant's Counsel listed below:

CLEVELAND TERRAZAS PLLC

Matthew Murrell

Carlos Soltero

4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
T: (512) 689-8698

**ATTORNEYS FOR DEFENDANT UPLAND SOFTWARE, INC.**

Ricky R. Franklin

708 Brambling Way
Stockbridge, GA 30281
(678-650-3733)
rrfrank12@hotmail.com

11

CASE NO: 1-18-CV-236-LY

# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

RICKY R. FRANKLIN
Plaintiff

v.

UPLAND SOFTWARE, INC.,
Defendant

# (DISTRICT JUDGE) THE HONORABLE LEE YEAKEL

# (MAGISTRATE JUDGE) ANDREW AUSTIN

# PLAINTIFF'S REPLY BRIEF TO DEFENDANTS OPPOSITION TO PLAINTIFFS MOTION FOR SUMMARY JUDGMENT

June 25th, 2018

Ricky R. Franklin

708 Brambling Way
Stockbridge, GA 30281
rrfrank12@hotmail.com

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL
POSTAGE REQUIRED

PRIORITY MAIL 2-DAY®

EXPECTED DELIVERY 06/27/2018

U.S. POSTAGE
PM 2-DAY
$6.70
06/25/18
06 2S00
08259721
SSK

A997806252200433
30281 0004

0004

501 W 5TH ST STE 1100
AUSTIN TX 78701-3812

USPS TRACKING NUMBER

9505 5000 1564 8176 0003 10



PRIORITY MAIL

FROM:

Ricky Franklin
708 Brambling Way
Stockbridge, GA
30281

TO: U.S. District Clerk's Office
501 West fifth St
Suite 100
Austin, Texas
78701

UNITED STATES POSTAL SERVICE®
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

Label 228, March 2016

FOR DOMESTIC AND INTERNATIONAL USE

packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.